UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00142

**Bobby R. Williams, D/B/A Graceland Personal Care Homes, Inc. and Carries Assisted Living Center,**
*Plaintiff,*

v.

**United States et al.,**
*Defendants.*

# ORDER

Plaintiff Bobby R. Williams, D/B/A Graceland Personal Care Homes, Inc. and Carries Assisted Living Center, initiated this action alleging a tortious interference of contract claim against the United States under the Federal Tort Claims Act ("FTCA"), a negligence claim against the Unites States, and a *Bivens* claim against individual defendants James Patterson, M.D. and unknown agents for violating plaintiff's due process rights. Doc. 1 at 4–5, 11. On October 12, 2021, defendants filed a motion to dismiss the claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 12.

On December 14, 2021, the magistrate judge issued a report recommending that defendants' motion be granted. Doc. 18. The magistrate judge recommended that these claims be dismissed without prejudice. *Id.* Plaintiff filed objections to the report on December 25, 2021. Doc. 19. Defendants filed their response on January 18, 2022. Doc. 21.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a

magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff objects to the magistrate judge dismissing the case without prejudice because he claims the dismissal will operate as a dismissal with prejudice due to the applicable statute of limitations, which will prevent plaintiff from bringing his claim again. Doc. 19 at 2. Plaintiff further requests that due to the statute of limitations issue, he should be given leave to amend and replead to support his claim as allowed under Federal Rule of Civil Procedure 15(a)(2). Defendants respond that plaintiff should not be granted leave to amend under Rule 15(a)(2) because any such amendment would be futile. Doc. 21. Specifically, defendants argue that leave to amend the tortious interference claim under the FTCA would be futile because plaintiff conceded that the court lacks jurisdiction to hear such a claim under the FTCA. *Id*. at 3. Defendants argue that granting leave to amend the *Bivens* claim would be futile because the court has found in its report that plaintiff's claim arises in a new *Bivens* context and special factors counsel against extending *Bivens* to plaintiff's claim. *Id*. Defendants also argue that granting leave to amend the negligence claim would be futile because plaintiff has not indicated what other facts he could offer in an amended complaint. *Id*. at 4. Further, defendants argue that plaintiff already attempted to amend his complaint through affidavits he offered in support of his opposition to defendant's motion to dismiss. *Id*.

Rule 15(a)(2) states that "…a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. However, the district court can deny leave to amend if it is futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). The Fifth Circuit has stated that amendment is futile when "the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir.2009)). The court finds that granting plaintiff leave to amend would be futile. Plaintiff argues that his claim under the FTCA will be time barred by the statute of limitations. Doc. 19 at 2. However, as plaintiff himself admitted, the court lacks jurisdiction to hear his tortious interference claim under the FTCA. *See* Doc. 16 at 2. Thus, allowing plaintiff leave to amend

this claim would be futile because plaintiff has conceded that it is subject to dismissal. Similarly, since the nature of plaintiff's claim arises in a new *Bivens* context and special factors weigh against extending *Bivens* to plaintiff's claim, it is difficult to think of what facts plaintiff could plead for his claim to be allowed under *Bivens*. Moreover, plaintiff has not indicated in his objections or in a proposed amended complaint the additional facts that would confer jurisdiction as to this claim. Thus, allowing plaintiff to replead as to the *Bivens* claim would be futile.

Further, allowing plaintiff the opportunity to replead his negligence claim would be futile for two reasons. First, as described in the magistrate judge's report, the facts alleged in plaintiff's complaint and in the affidavits attached to plaintiff's response demonstrate that the court lacks jurisdiction to consider this claim under the discretionary function exception. Doc. 18 at 9–11. Second, as defendants point out, plaintiff has not indicated what additional facts he could offer in an amended complaint, especially considering that the magistrate judge already considered the affidavits attached to plaintiff's response. Doc. 18 at 6–9.

Accordingly, the report and recommendation (Doc. 18) is accepted. Fed. R. Civ. P. 72(b)(3). Plaintiff's objections (Doc. 19) are overruled. Defendants' motion to dismiss (Doc. 12) is granted. This case is dismissed for lack of subject-matter jurisdiction.

*So ordered by the court on January 24, 2022.*

J. Campbell Barker
United States District Judge